BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE "THE EXORCIST" COPYRIGHT          )
INFRINGEMENT LITIGATION                 )          DOCKET NO. 239
                                        )

APR 22 1976

PATRICIA D. HOWARD

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON *, WILLIAM H. BECKER, JOSEPH S. LORD, III,
STANLEY A. WEIGEL *, AND ANDREW A. CAFFREY, JUDGES OF THE PANEL

PER CURIAM

          This litigation consists of four actions, each

pending in a different district:  the Central District

of California, the Northern District of Illinois, the

District of Colorado, and the Eastern District of Louisiana.

These actions were instituted by Warner Bros., Inc. and

Hoya Productions, Inc., which together allegedly hold the

copyrights in the motion picture "The Exorcist" and a

related "pressbook" that includes suggested advertisements

designed to assist the promotion of the movie.  Plaintiffs

allege that these copyrights have been and are being infringed

by the distribution, exhibition and advertising of an

Italian-produced motion picture entitled "Beyond The Door."

---

     *   Judges Robson and Weigel were unable to attend
         the Panel hearing and, therefore, took no part
         in the consideration or decision of this matter.

- 2 -

They also claim that defendants have engaged in unfair trade practices and unfair competition with plaintiffs by distributing and exhibiting "Beyond The Door," and by utilizing posters and advertisements for "Beyond The Door" which allegedly are copies of promotional materials found in plaintiffs' pressbook. Defendants in the California action are Film Ventures International, which apparently is the sole distributor of "Beyond The Door" in the United States, and two exhibitors of this movie. Each of the other three actions was commenced against a different exhibitor of "Beyond The Door." In addition, Highland Productions, Inc., the defendant in the Colorado action, has filed a third-party complaint against Film Ventures for indemnification.

Plaintiffs move the Panel for an order transferring all actions to the Central District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. Only defendants Film Ventures and Highland oppose transfer. We find that these actions raise common questions of fact and that their transfer to the Central District of California under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Both defendants opposing transfer concede that these actions share common factual questions concerning

- 3 -

the issue of whether "Beyond The Door" has infringed the
alleged copyright of "The Exorcist."  Nevertheless, defendant
Film Ventures argues that transfer is unwarranted because
such questions do not predominate over issues unique to each
defendant, such as foreseeability of possible copyright infringe-
ment, whether local promotional efforts constituted infringement,
and damages.  Defendant Highland maintains that because reso-
lution of its third-party complaint for indemnification against
Film Ventures may be dispositive of any liability by Highland,
it is unnecessary for Highland to participate in any coordi-
nated or consolidated proceedings.  Discovery relative to the
indemnification issue, Highland emphasizes, will focus primarily
upon the business relationship between Highland and Film Ventures,
which is unrelated to discovery required for the other actions.

We are not persuaded by these arguments.  Instead,
we believe that the questions of fact common to all actions
on the central issue of whether "Beyond The Door" has infringed
the copyright of "The Exorcist" necessitate transfer under
Section 1407 in order to prevent duplication of discovery,
eliminate the possibility of inconsistent pretrial rulings,
and conserve judicial effort.  Unlike In re "Truckin" Cartoon
Characters Copyright Litigation, 372 F. Supp. 1400 (J.P.M.L.
1974), wherein we denied transfer because the purported copy-
right holder of a cartoon character was suing more than 30

- 4 -

manufacturers, distributors or retailers of various novelty
items that allegedly infringed the copyright, the litigation
before us focuses upon a single allegedly infringing motion
picture.  And regardless of whether defendant Highland prevails
on its third-party claim for indemnification, the central issue
of infringement will remain to be resolved in the Colorado
action.  Moreover, the transferee judge has the flexibility
to design a pretrial program that will accommodate the needs
of each party for any unique discovery or judicial
attention concurrently with the common pretrial matters and,
as a result, the litigation will harmoniously proceed for
the overall benefit of the parties, their witnesses and the
judiciary.  See In re Republic National-Realty Equities
Securities Litigation, 382 F. Supp. 1403, 1405-06 (J.P.M.L.
1974).

Clearly, the Central District of California is
the most appropriate transferee forum for this litigation.
The action pending there is considerably more advanced than
the others.  Concomitantly, Judge David W. Williams, to whom
the California action is assigned, has become acquainted
with the issues involved in these actions and is therefore
in the best position to supervise the coordinated or consolidated
dated pretrial proceedings toward their most just and expeditious
termination.  See In re Griseofulvin Antitrust Litigation,
395 F. Supp. 1402, 1403 (J.P.M.L. 1975).

- 5 -

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A and pending in districts other than the Central District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable David W. Williams for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action already pending there and listed on Schedule A.

SCHEDULE A                              DOCKET NO. 239

### CENTRAL DISTRICT OF CALIFORNIA

Warner Bros. Inc., et al. v. Film Ventures      Civil Action
Internationa, et al.                            No. CV75-2774-DWW

### NORTHERN DISTRICT OF ILLINOIS

Warner Bros, Inc., et al. v. Plitt             Civil Action
Theatres, Inc.                                 No. 75C3816

### DISTRICT OF COLORADO

Warner Bros. Inc., et al. v. Highland          Civil Action
Theatres, Inc.                                 No. 75-1195

### EASTERN DISTRICT OF LOUISIANA

Warner Bros., Inc., et al. v. Gulf States      Civil Action
Theatres, Inc.                                 No. 75-3466-Sec.F